**CONSOLIDATED CASE NOS. 09-16676, 09-16677, 09-16679, 09-16682, 09-16683, 09-16684, 09-16685, 09-16686, 09-16687, 09-16688, 09-16690, 09-16691, 09-16692, 09-16693, 09-16694, 09-16696, 09-16697, 09-16698, 09-16700, 09-16701, 09-16702, 09-16704, 09-16706, 09-16707, 09-16708, 09-16709, 09-16710, 09-16712, 09-16713, 09-16717, 09-16719, 09-16720, 09-16723**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

---

**IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION**
**MDL NO. 06-1791-VRW**

---

**NO. 09-16676**

**TASH HEPTING, GREGORY HICKS, CAROLYN JEWEL, AND ERIC KNUTZEN, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,**

**PLAINTIFFS-APPELLANTS,**

**V.**

**AT&T CORPORATION, AT&T, INC.,**

**DEFENDANTS-APPELLEES,**

**AND**

**UNITED STATES OF AMERICA,**

**DEFENDANT-INTERVENOR-APPELLEE.**

---

**AND CONSOLIDATED CASES**

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
THE HONORABLE VAUGHN R. WALKER, CHIEF UNITED STATES DISTRICT JUDGE, PRESIDING

---

# SUPPLEMENTAL OPENING BRIEF OF APPELLANTS JOLL (No. 09-16723), ANDERSON (No. 09-16720), HERRON (No. 09-16704), AND LEBOW (No. 09-16719)

**(PRIOR APPEAL: Nos. 06-17132, 06-17137 (Pregerson, Hawkins, McKeown, Js.))**

---

**[*COUNSEL LISTED ON SIGNATURE PAGE*]**

**TABLE OF CONTENTS**

**INTRODUCTION……………………..………………………………………1**

**QUESTIONS PRESENTED…………………………..……..……………….1**

**STATEMENT OF FACTS………………………………………………….1**

**JURISDICTIONAL STATEMENT...……………………………………...1**

**STATEMENT OF THE CASE………..……………………………………2**

**SUMMARY OF ARGUMENT…...……………………………………………2**

**ARGUMENT……………………..…………………………………………3**

**I. Standard Of Review……………………………………………….3**

**II. The District Court erred in dismissing, in their entirety, the *Anderson, Herron, Joll,* and *Lebow* lawsuits because they allege, *inter alia*, illegal activity pre-dating September 11, 2001 and Section 802 does not purport to confer retroactive immunity with respect to such claims………………………………………………3**

**III. The District Court erred in dismissing, in their entirety, the *Anderson* and *Lebow* lawsuits because they allege, *inter alia,* illegal activity on the part of government entities and Section 802 does not purport to confer retroactive immunity with regard to claims against government defendants…………………………………...10**

**CONCLUSION……………………………………………………………..13**

## INTRODUCTION

Plaintiffs-Appellants in the four above-captioned actions ("the Supplementing Appellants") were granted leave to file a supplemental opening brief. The Supplementing Appellants incorporate by reference the arguments made in Appellants' opening brief unless otherwise noted.

## QUESTIONS PRESENTED

1. Does the retroactive immunity purportedly conferred on the telecommunications providers under section 802 allow the dismissal of claims alleging illegal activity on their part that began before September 11, 2001?

2. Does the retroactive immunity purportedly conferred under section 802 allow the dismissal of claims against government entities?

## STATEMENT OF FACTS

The Supplementing Appellants incorporate by reference the Statement of Facts found in Appellants' Opening Brief as supplemented below.

## JURISDICTIONAL STATEMENT

The Supplementing Appellants incorporate by reference the Jurisdictional Statement found in Appellants' Opening Brief , adding that the district court's order of July 20, 2009 denying the Supplementing Appellants' Motion for Leave to File Motion for Reconsideration is also an appealable orders under 50 U.S.C. § 1885a(f).

## STATEMENT OF THE CASE

The Supplementing Appellants incorporate by reference the Statement of the Case found in Appellants' Opening Brief as supplemented below.

The District Court denied the Supplementing Appellants' Motion for Leave to File Motion for Reconsideration on July 20, 2009.

## SUMMARY OF ARGUMENT

1. The District Court erred in dismissing, in their entirety, the *Joll, Anderson, Herron, and Lebow* lawsuits because they allege, *inter alia,* illegal activity pre-dating September 11, 2001 and thus outside the scope of the immunity legislation[1].

The District Court further erred in denying the Supplementing Appellants' Motion for Leave to File Motion for Reconsideration of the above error.

2. The District Court erred in dismissing, in their entirety, the *Anderson* and *Lebow* lawsuits because they allege, *inter alia,* illegal activity on the part of government agencies and officials and thus outside the scope of the immunity legislation.

The District Court further erred in denying the Supplementing Appellants' Motion for Leave to File Motion for Reconsideration of the above error.

---

[1] Section 802 of FISA (herein "section 802" or "§ 802") was enacted as part of section 201 of the FISA Amendments Act of 2008, Public Law 110-261, 122 Statutes at Large 2436, and is codified at 50 U.S.C. § 1885a.

## ARGUMENT

### I. Standard Of Review

This Court reviews *de novo* a grant of summary judgment. *Gorman v. Wolpoff & Abramson*, 584 F.3d 1147, 1153 (9th Cir. 2009).

### II. The District Court erred in dismissing, in their entirety, the *Anderson, Herron, Joll,* and *Lebow* lawsuits because they allege, *inter alia,* illegal activity pre-dating September 11, 2001 and Section 802 does not purport to confer retroactive immunity with respect to such claims.

Section 802 (a) (4) (A) (i) very explicitly indicates that only actions "during the period beginning on September 11, 2001 and ending on January 20, 2007" are within its scope. Appellants' Brief at 84. These temporal boundaries were the result of much Congressional debate and their inclusion was billed as a major bipartisan compromise.

Nearly two years before Section 802 was enacted, Plaintiffs' counsel in *Anderson, et al. v. Verizon Communications, Inc., et al.,* No. 07-2029 VRW, filed an Amended Complaint on June 23, 2006. In their Amended Complaint, Plaintiffs alleged:

> 19. Since ***at least*** on or about September 11, 2001 such information has been gathered by or for the ultimate use of the NSA or other government agency from defendant Verizon, BellSouth and AT&T's subscribers in the United States without their knowledge. Supp ER 7.
>
> 81. ***Within eleven (11) days of the onset of the Bush administration, and at least seven (7) months prior to the attacks of September 11, 2001,*** defendant ATT began development of a center for monitoring long distance calls and internet transmissions and other digital information for the exclusive use of the NSA. Supp ER 8.

> 88. ***Such project was in development not later than February 1, 2001, within eleven (11) days of the onset of the Bush Administration.*** Supp ER 9.
>
> 89. The NSA program was initially conceived at least one year prior to 2001 but had been called off; it was reinstated ***within 11 days of the entry into office of defendant George W. Bush.*** Supp ER 9.
>
> 96. An ATT Solutions logbook reviewed by counsel confirms the Pioneer-Groundbreaker project start date of ***February 1, 2001.*** Supp ER 10.
>
> 101. Accordingly, defendant carrier ATT was engaged in active and knowing participation and conspiracy to violate 18 U.S.C. 2702, *et seq.*, in concert with the United States not later than **February 1, 2001.** (emphasis added). Supp ER 11.

Thus, the *Anderson* plaintiffs clearly alleged something no other plaintiffs in this multidistrict litigation alleged: that the telecommunications carriers were engaged in illegal domestic spying activity that ***pre-dated*** September 11, 2001 by at least seven months beginning at least as early as February 1, 2001.

Shortly after MDL-1791 was established, a group of "Master Consolidated Complaints" against various telecommunications carrier defendants were filed. Notably, no such Master Consolidated Complaint was filed against defendants AT&T Corporation and the various other corporate names under which it was sued. Nor was such a Master Consolidated Complaint filed against government entity defendants[2].

---

[2] The cases of *Al-Haramain, et al. v. Bush, et al.*, No. 07-0109 VRW, *Guzzi v. Bush, et al.*, No. 06-6225 VRW, *Center for Constitutional Rights v. Bush, et al.*,
*(footnote continued on following page)*

On January 16, 2007, a Master Consolidated Complaint was filed against defendant BellSouth[3] Corporation and the various other corporate names under which it was sued. ER 0203. Because BellSouth was named as a defendant in *Anderson* and because the BellSouth Master Consolidated Complaint was created to consolidate the various allegations made against that entity, the Master Consolidated Complaint repeated *Anderson's* allegations of pre-9/11 spying thusly:

> 37. ***Sometime on or after February 1, 2001,*** BellSouth commenced its program ("the Program") of providing the federal government with the telephone call contents and records and Internet communications of its customers and subscribers. BellSouth continues to provide this information to the federal government. ER 0209 – 0210.
>
> 68. ***Since on or about February 1, 2001,*** BellSouth has disclosed and/or divulged the "call-detail records" of all or substantially all of their customers, including Plaintiffs, to the NSA, in violation of federal law, as more particularly set forth below. ER 0217.
>
> 69. BellSouth has, ***since on or about February 1, 2001,*** been disclosing to the NSA "individually identifiable customer proprietary network information" belonging to all or substantially all of their customers, including Plaintiffs, in violation of federal law, as more particularly set forth below. ER 0217.

---

*(footnote continued from preceding page)*
No. 07-1115 VRW, and *Shubert, et al. v. Bush, et al.*, No. 07-693 VRW named only government entities as defendants and were not subject to the June 3, 2009 Order.

[3] BellSouth Corporation was acquired by AT&T Inc. and has formally become AT&T South and ceased doing business under the BellSouth name on June 30, 2007.

86. Plaintiffs bring this action under Federal Rule of Civil Procedure 23 on behalf of themselves and a Class, defined as:

All individuals and entities located in the United States that have been subscribers or customers of Defendant's wireless, wireline, telephone, and/or Internet services at any time ***since February 1, 2001…***ER 0220.

88. The State of California Subclass is defined as:

All individuals and entities located in California that have been subscribers or customers of Defendant's wireless, wireline, telephone, and/or Internet services at any time ***since February 1, 2001…*** ER 0220.

89. The State of Georgia Subclass is defined as:

All individuals and entities located in Georgia that have been subscribers or customers of Defendant's wireless, wireline, telephone, and/or Internet service at any time ***since February 1, 2001…*** ER 0221. (emphasis added).

Joining in these allegations and included in these class definitions are the BellSouth subscriber and customer plaintiffs in the cases of *Anderson, et al. v. Verizon Communications Inc., et al.,* No. 07-2029*, Joll, et al. v. AT&T Corp., et al.,* No. 06-5485*, Herron, et al. v. Verizon Global Networks, Inc., et al.,* No. 06-5343, and *Lebow, et al. v. BellSouth Corporation, et al.,* No. 07-0464 as BellSouth was named as a defendant in each of those cases.

On June 3, 2009, the District Court dismissed all cases before it in which telecommunications carriers were named as defendants despite the fact that the *Anderson* Amended Complaint and the BellSouth Master Consolidated Complaint very explicitly alleged illegal spying activity by the telecommunications carriers

since at least February 1, 2001, predating the September 11, 2001 effective date of Section 802 by over seven months. ER 0001

The Supplementing Appellants sought reconsideration of the District Court's clear error by filing a Motion for Leave to File Motion for Reconsideration based on the above arguments. The District Court erred a second time in denying this motion. Supp ER 1.

The District Court:

> "agree(d) with the movants that some or all of the complaints in the MDL contain allegations that either contain no specifics as to the time of the alleged conduct or include dates ***outside the temporal limitation of the retroactive immunity conferred by FISAAA, September 1, 2001 to January 17, 2007.*** 50 U.S.C. § 1885a(a) (4) (A) (i)." (emphasis added). Supp ER 3.

But the District Court went on to deny the motion without commenting on the merits of the Supplementing Appellants', ruling only on the narrow, technical point that:

> "Plaintiffs have been given leave to amend their complaints 'to allege causes of action not affected by the Attorney General's successful invocation of Section 802's immunity' and have elected not to do so within the time provided." Supp ER 3.

This was clear error in that, as detailed above, the Supplementing Appellants had ***already*** "alleged causes of action not affected by the Attorney General's successful invocation of Section 802's immunity" by virtue of their specific allegations of violations outside the temporal limitation of the retroactive immunity conferred by FISAAA. Therefore, no amendments were necessary. Indeed, the

only amendments conceivable would involve simply adding the word “Amended” to the captions, leaving the bodies of the complaints intact, and changing the dates appearing next to the signature blocks before filing.

Furthermore, the District Court concluded its June 3, 2009 Order by indicating,

> “Plaintiffs may amend the ***master consolidated complaints*** in a manner consistent with this order within thirty (30) days of the date of this order.” (emphasis added). ER 0046.

As explained above, no master consolidated complaint against AT&T was ***ever*** filed so there was nothing for the Supplementing Appellants to amend with respect to AT&T had they even wished to do so. As argued above, there was no reason to amend the BellSouth Master Consolidated Complaint or the underlying complaint in *Anderson* as they had already explicitly alleged everything that needed to be alleged – that the telecommunications carrier defendants were engaged in illegal spying activity pre-dating September 11, 2001 and the effective date of the retroactive immunity purportedly conferred by Section 802 by at least seven months.

The District Court should have allowed the Supplementing Appellants to proceed with those portions of their claims alleging illegal activity pre-dating

September 11, 2001[4]. Even assuming, *arguendo,* that this Court concludes that Section 802 passes constitutional muster and was properly invoked, and it should not, the retroactive immunity conferred by it would operate only to terminate those parts of the Supplementing Appellants' claims alleging illegal activity by the telecommunications providers beginning on September 11, 2001 and continuing until January 7, 2007.

Although the District Court erroneously dismissed the Supplementing Appellants' claims in their entirety and erroneously denied their Motion for Leave to File Motion for Reconsideration, it recognized the temporal limitation again:

> Because, however, section 802's immunity provision may only be invoked with regard to suits arising from actions authorized by the president ***between September 11, 2001 and January 7, 2007***, the dismissal is without prejudice… ER 0044 – 0045
>
> The court believes that the Attorney General has adequately and properly invoked Section 802's immunity ***to the extent that the allegations of the master consolidated complaints turn on actions authorized by the president between September 11, 2001 and January 7, 2007."*** ER 0045 (emphasis added).

---

[4] Because the arguments in this section pertain to surveillance pre-dating September 11, 2001, there is no tension between the arguments made in this section and the argument in Appellants' Opening Brief at 12 pertaining to surveillance post-dating January 7, 2007 that "Section 802 is not limited to lawsuits challenging surveillance authorized by the President between 2001 and 2007 as described in subsection (a)(4), but may also be used ***in the future*** by the Attorney General, at his discretion, to dismiss other lawsuits challenging ***future*** unlawful surveillance." (emphasis added).

### III. The District Court erred in dismissing, in their entirety, the *Anderson* and *Lebow* lawsuits because they allege, *inter alia,* illegal activity on the part of government entities and Section 802 does not purport to confer retroactive immunity with regard to claims against government defendants.

In their Amended Complaint, the *Anderson* Plaintiffs named as co-defendants George W. Bush, individually in his executive capacity and as representative of the United States of America, and the National Security Agency. Supp ER 5 - 7. The *Lebow* Plaintiffs named as co-defendant the National Security Agency. Supp ER 12 - 14.

It was clear error for the District Court to dismiss *Anderson's* and *Lebow's* claims against government entities pursuant to Section 802 when that section by its plain meaning only purportedly confers retroactive immunity upon claims against providers of telecommunications services.

Section 802(a) plainly reads:

> (a) Requirement for certification. Notwithstanding any other provision of law, a civil action may not lie or be maintained in a Federal or State court ***against any person for providing assistance to an element of the intelligence community,*** and shall be promptly dismissed, if the Attorney General certifies to the district court of the United States in which such action is pending that— (emphasis added). Appellants' Brief at 84.

Like the temporal limitation discussed above, this limitation with respect to entities that may be sued was touted as a "compromise" in that it allowed suits like *al-Haramain, Shubert, Center for Constitutional Rights,* and *Guzzi* to proceed against government entities in the district court below without fear of their cases

coming to a screeching halt by virtue of a Section 802 grant of retroactive immunity.

Indeed, Section 801 (8), the definitional provision of the Act, unambiguously defines "person" in terms that apply only to private parties:

"(8). The term 'person' means –

(A)An electronic communication service provider[5]."

The Supplementing Appellants sought reconsideration of this error in their Motion for Leave to File Motion for Reconsideration, but the District Court erred again in denying their motion, this time with ***no*** explanation as to why *Anderson's* and *Lebow's* claims against government entities had to be dismissed along with their claims against private telecommunications providers. Supp ER 1.

Should this Court construe the District Court's silence as a similar technical dismissal due to *Anderson's* and *Lebow's* decisions not to amend, such a dismissal would be in error because, as discussed above, there was no master consolidated complaint against government defendants to amend. *Anderson* and *Lebow* stand on their own as separate complaints – not master consolidated complaints – that alleged specific claims against government defendants (*i.e.,* President Bush and the NSA).

---

[5] The statute also extends the definition of "person" to a "landlord, custodian, or other person" who provides court-ordered or government mandated assistance under certain other statutory provisions.

Moreover, there was no reason for *Anderson* and *Lebow* to amend their complaints as they had ***already*** named government entities as defendants nearly three years ***before*** the Court's June 3, 2009 Order and there was no amendment that would add any new allegations as to the government defendants.

As to the merits, it was an error of law on the part of the District Court to dismiss *Anderson's* and *Lebow's* claims against government entities since no retroactive immunity was ever provided or even purported as to government defendants under Section 801 or 802 and the existing complaints plainly alleged claims against the government defendants. Even assuming, *arguendo,* that this Court concludes that Section 802 passes constitutional muster and was properly invoked, the retroactive immunity conferred by it would operate only to terminate *Anderson's* and *Lebow's* claims against private telecommunications providers, not the government defendants.

## CONCLUSION

The district court's orders granting the government's motion to dismiss and for summary judgment and denying the Supplementing Appellants' motion for leave to file motion for reconsideration and the district court's judgments of dismissal, with respect to the Supplementing Appellants' claims alleging illegal spying activities predating September 11, 2001, and with respect to *Anderson's* and *Lebow's* claims against government entities should be reversed and the actions remanded for further proceedings.

Dated: March 18, 2010

Respectfully submitted,

By: /s/ Steven E. Schwarz
Steven E. Schwarz

THE LAW OFFICES OF
STEVEN E. SCHWARZ, ESQ., LLC
Steven E. Schwarz, Esq.
2461 W. Foster Ave., #1W
Chicago, IL 60625
Telephone: (773) 837-6134
Facsimile: (773) 837-6134

*Attorney for the Joll Plaintiffs*

BRUCE I. AFRAN, Esq.
10 Braeburn Drive
Princeton, NJ 08540
Telephone: (609) 924-2075

CARL J. MAYER
MAYER LAW GROUP, LLC
66 Witherspoon Street, Suite 414
Princeton, NJ 08542

Telephone: (609) 921-8025
Facsimile: (609) 921-6964

*Attorneys for the Anderson Plaintiffs*

VAL PATRICK EXNICIOS
LISKA, EXNICIOS & NUNGESSER
ATTORNEYS-AT-LAW
One Canal Place, Suite 2290
365 Canal Street
New Orleans, LA 70130
Telephone: (504) 410-9611
Facsimile: (504) 410-9937

*Attorney for the Herron Plaintiffs*

JAMES EVANGELISTA
PAGE PERRY LLC
1040 Crown Pointe Parkway
Dunwoody, GA 30338
Telephone: (770) 673-0047
Facsimile: (770) 673-0120

*Attorney for the Lebow Plaintiffs*

**CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**

This supplemental brief complies with the type-volume limitation of Fed. R. App. Pro. 32(a)(7)(B) and Ninth Circuit Rule 32-1, as augmented by the limitation of 2,800 words contained in the Order dated March 9, 2010 because it contains 2,764 words, excluding the parts of the brief exempted by Fed. R. App. Pro. 32(a)(7)(B)(iii).

This supplemental brief complies with the typeface requirements of Fed. R. App. Pro. 32(a)(5) and the type style requirements of Fed. R. App. Pro. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

s/ Steven E. Schwarz

Steven E. Schwarz
*Counsel for the Joll Plaintiffs*

## CERTIFICATE OF SERVICE

I, Steven E. Schwarz, an attorney, hereby certify that, on this 18th day of March, 2010, I served the Supplemental Opening Brief of Appellants Joll (No. 09-16723), Anderson (No. 09-16720), Herron (No. 09-16704), and Lebow (No. 09-16719) on opposing counsel by using the Court's ECF electronic filing system which will send a copy to all parties registered with that system.

By: s/ Steven E. Schwarz